## TERRELL v. THE BRANCH BANK AT MOBILE.

1. T executed a note in blank, and handed it to S, a director of the branch bank at Mobile, to be filled up with the sum of about $500, and used in the renewal of a note of T, of the same amount held by the bank. S, in violation of the trust reposed in him by T, filled up the note for a much larger sum, and offered it to the bank to be discounted for his own use. The note was discounted by the bank, S sitting as one of the board of directors when the note was taken by the bank, but did not communicate any of the facts here stated to any other director. Held, that T was liable to the bank on the note.

Writ of Error to the Circuit Court of Mobile.

THIS was a proceeding by notice and motion, at the suit of the defendant in error, to recover of the plaintiff the amount of a promissory note, of which he was alledged to be the

maker. The defendant filed several pleas, and thereupon issues were made up and submitted to a jury, who returned a verdict for the plaintiff below, on which judgment was rendered.

On the trial, the defendant excepted to the ruling of the court. It appears from the bill of exceptions, that the plaintiff having read to the jury the note described in the notice, adduced evidence tending to show that some months previous to the date of the note, the defendant signed his name to a blank piece of paper, and delivered the same to Wm. A. Scott, that it might be filled up with a note for about the sum of $500, to be used in the renewal or extension of a note made by the defendant for a similar amount, of which the plaintiff was the proprietor. For this purpose, as Scott well knew, the blank was placed in his hands. Some months afterwards, without the defendant's consent, Scott had the blank filled up for a much larger sum, and offered it to the defendant to be discounted for his own use. The note now sought to be recovered, is that which was thus offered—it was discounted without the defendant's knowledge and consent, and the avails paid to Scott.

It was further shown, that at the time this note was discounted by the bank, Scott was one of its directors, and acting as one of the board by whom the same was taken; but he did not communicate any of the foregoing facts to any other director.

Thereupon, the defendant prayed the court to charge the jury, that the knowledge of Scott of the circumstances under which the note was made and offered for discount, his connection with the directory, and presence when it was purchased by them, was in law a notice to them of these facts, if the jury believed the testimony. In answer to which the court charged, that under the circumstances narrated by the witness, a knowledge of the facts by Scott, although he was a director of the bank at the time, and one of the board by whom the note was actually discounted, was not in law notice thereof to the bank; unless he had communicated the facts to some other director: *Further*, that the facts and cir-

cumstances did not constitute a defence to the payment of the note.

W. G. JONES, for the plaintiff in error, made the following points :

1. Notice to an agent is notice to his principal, and this applies to corporations equally as to individuals. [Angel & Ames on Corp. 247.]

2. Where there are several agents, or a joint agency, (as of directors of a bank) notice to either of the directors, is notice to the bank. [A. & A. on Corp. 247; Bank U. S. v. Davis, 2 Hill's (N. Y.) Rep. 451; Fulton Bank v. N. Y. and Sharon Canal Co. 4 Paige, 127.]

3. The case of Lucas v. The Bank of Darien, 2 Stew. R. 280, 296, is not in point. What was there said on the subject of notice is a mere dictum. But in that case, it did not appear that J. Lucas was one of the directors who actually discounted the note. In this case, Scott was one of the directors who actually discounted the note, and acted as director in discounting it. In this, the two cases are clearly distinguishable.

J. W. LESESNE, for the defendant in error.

1. The fraud of Scott, in filling the note for a greater amount than intended by the makers, cannot affect the bank. Notice to one of the directors of a corporation aggregate, is not notice to the corporation. [Lucas v. Bank of Darien, 2 Stew. R. 289.]

2. There may be exceptions to this rule—as when the director received the notice affecting the particular business, while acting as the agent of the corporation in that business; as in the case of the Fulton Bank v. Benedict, 1 Hall's S. Ct. R. 557, when the director was one of a committee to inquire into the very note in question.

3. A bank is not bound by the fraudulent conduct of a director, who under pretence of getting a note discounted for a third person, passes the note to the bank for a discount to himself, and is entitled to recover on such a note. [Washington Bank v. Lewis, 22 Pick. 32 ; Angel & Ames on Corp. 247.]

COLLIER, C. J.—In Lucas v. The Bank of Darien, 2 Stewart's Rep. 321, after the dissolution of a partnership, one of the late partners offered for discount to the directory of a bank, of which he was one of the board, a note made in the firm name. The court said, it was unreasonable to suppose the partner offering the note made any disclosure to the directory, which would have rendered his application for a discount unavailing. *Besides,* to give the argument any plausibility, it must be supposed that as a director, he passed upon his own application—natural justice, sustained by that delicacy, common to all men, forbids such an idea. In respect to paper discounted for his benefit, his attitude in relation to the bank was changed—he then became a borrower, not a lender; and as he was passive, the directors who gave him an accommodation should not be affected by a constructive notice of any fact, which he individually possessed.

It was also said, that if an agent acquire knowledge of a fact while not in the discharge of his duties as such; but when engaged in other business, his principal cannot be presumed to have that knowledge. [See 2 Atk. Rep. 242; 3 Id. 294-650; 13 Ves. Rep. 120; 3 Mad. Rep. 280; Story on Ag. § 140, and citations in notes 1 and 2; 7 Greenl. R. 195; 10 Watts' Rep. 397.]

In the case first cited, the court inclined to think that *presumptive notice* should not be allowed, where the agent who had *actual* notice had no right to act in the matter to which it related; and that a notice to any number of the directors less than a majority of those acting, would not affect the bank; because a minority could not control its operations. [See 1 B. & C. Rep. 473; 3 B. & B. Rep. 147.]

The question whether, and under what circumstances notice to a director of a bank will charge the corporation, was largely considered in The Bank of the United States v. Davis, 2 Hill's (N. Y.) Rep. 451, and these points were determined, viz; That as a general rule, the principal is deemed to have notice of whatever is communicated to his agent, while acting as such in the transaction to which the communication relates. He is responsible for the fraud of his agent, if committed while transacting his business; and this whe-

ther he be sole agent, or one of several possessing joint au-
thority. But notice to a director, or knowledge obtained by
him while not engaged officially in the business of the bank,
will be inoperative as notice to the corporation. In case of
a joint agency, notice to either one of several, while engaged
in the business of his agency, is notice to the principal. And
the bank was held chargeable with knowledge of the fraud
of one of its directors, and could not therefore recover upon
a bill which was sent to him to be discounted for the benefit
of the drawer, the former, who was at the time a member of
the board which ordered the discount to be made, having re-
ceived the avails, alledging the discount to be for his benefit.

In the Washington Bank v. Lewis, 22 Pick. Rep. 24, one
of the directors of a bank who was authorized when money
was abundant, to solicit and procure notes for discount, ob-
tained possession of a note under the pretence of getting· it
discounted for the maker, at a time when money was scarce,
and pledged it to the bank, for a loan made to himself and
a prior debt due by him—the maker knowing that the direc-
tor was authorized by the bank to procure notes for discount,
only when money was abundant. It was held, that the di-
rector had exceeded his authority in the transaction, and the
bank was not bound by his fraudulent conduct; and that, as.
he did not act in his capacity of a director, the note was re-
coverable of the maker. The court said, if the knowledge of
a director could under all circumstances be regarded as the
knowledge of the bank, it would follow, that if a director
should procure a note to be discounted by the fraudulent
concealment of material facts, which he was bound to dis-
close, or even by false pretences, the bank would have no
remedy. If the director had been authorized to discount this
note, and did discount it, the argument might hold good. It
was conceded that whatever a director or other agent of a
bank may do within the scope of his authority, would bind
the bank so as to make it responsible to the person dealt with.
But in the case before the court, the director was the party
applying for the discount, and was not acting as director, nor
could he with any propriety so act. " He was the party with
whom the bank contracted in discounting the note, and to
whom the money was paid; and it is perfectly clear that

this ground of defence cannot be maintained." In this case, as well as The Fulton Bank v. Benedict, 1 Hall's Rep. 480, 557, it seems to be supposed that directors are not necessarily agents of the bank, so as to charge the corporation with a knowledge of the facts they possess in respect to matters which interest, or might influence the action of the directory sitting as a board. See also Ang. & A. on Corp. 247, and citations in notes.

We have thus placed in juxta.position the case of Lucas v. The Bank of Darien, and the decisions upon the same point in two of our sister States. It may be, that the case in 2d Hill, is opposed to the opinion of our predecessors; but however this may be, we will not stop to inquire. We have revised the reasoning by which they are each supported, and are perfectly satisfied that our own decision rests upon a sound basis; and in addition to this, is strongly confirmed by the supreme court of Massachusetts by an argument which runs all-fours with that employed by us.

It cannot be admitted that in receiving the blank of the defendant to be used for his benefit, Scott acted as the agent of the bank; and certainly he did not thus act in abusing the authority conferred on him by the defendant. But in filling up the blank for a larger amount than his authority required, and then offering the note for discount, he was in reality the representative of his own interest. *Pro re nata,* his powers as a director were suspended—he was contracting with the bank through his associates in the directory—he was borrowing, not lending its money—though a member of the board and present too, it cannot be supposed that he co-operated with them in purchasing paper of which he was the avowed proprietor; and whether he did or not, it cannot be presumed that he made any disclosure which would prejudice his application for a loan. The facts of the present case are in every respect quite as unfavorable to the intendment of the bank's knowledge of the circumstances under which the note was made, as they were in the case cited from 2d Stewart; and that case we think sufficiently vindicates the ruling of the circuit court.

This is confessedly a hard case, but such cases must con-

tinue to present themselves, until all men shall act upon the maxim, "Do what you ought, happen what may." The judgment must be affirmed.