# Pepper & Co. *v.* George *et al.*

*Bill in Equity for Foreclosure of Mortgage, and Adjustment of Conflicting Liens.*

1. *Notice to agent or attorney.* — Notice, actual or implied, to an agent, is notice to his principal; yet, to charge the principal with implied notice of facts, because they were known to his attorney, the attorney's knowledge must be acquired during the existence of his agency.

2. *Relinquishment of dower by wife joining in conveyance with husband.* — When the wife joins with her husband in a mortgage of his lands, this is a mere relinquishment of her inchoate right of dower, and not a purchase by the mortgagee of an outstanding incumbrance, for which he is entitled to any compensation or reimbursement in a contest with other incumbrancers.

[Pepper v. George.]

3. *Who is purchaser for valuable consideration without notice.* — A creditor, who takes a mortgage as security for a preëxisting debt, cannot claim protection against an outstanding vendor's lien, as a purchaser for valuable consideration without notice, although he extended his debt, and discontinued a pending suit.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 15th January, 1870, by P. H. Pepper & Co. as partners, against John H. George, Elijah Reynolds, Edward Bowen, Mrs. C. C. Reynolds, John T. Posey, Mary Carter, and Lehman, Durr & Co. ; and sought to foreclose a mortgage on a storehouse and lot in Greenville, which was executed to complainants by said Elijah Reynolds and his wife, Mrs. C. C. Reynolds, to secure an indebtedness then due and owing to complainants by E. Bowen & Co., a firm composed of said Edward Bowen and Elijah Reynolds. At the time this mortgage was given, there were two prior mortgages on the property, one in favor of said Posey, and the other in favor of Lehman, Durr & Co., both of which had been duly recorded. There was also an outstanding vendor's lien for an unpaid part of the purchase-money due on a sale of the property by said Bowen to said Reynolds before any of these mortgages were given. The note of Reynolds for the unpaid purchase-money was transferred by Bowen to said John H. George on the 15th June, 1869 ; and said George had filed a bill to enforce his lien, and had obtained a decree for a sale of the property, when the bill in this case was filed. The complainants admitted the priority of the mortgages in favor of Posey and Lehman, Durr & Co. respectively, but denied all notice of the vendor's lien asserted by George, and claimed that, as against it, they were entitled to be protected as purchasers for valuable consideration without notice. The material facts of the case were thus stated by the chancellor : —

"From an examination of the pleadings and evidence, the following facts appear to exist : In February, 1868, the defendant Bowen sold and conveyed to the defendant Reynolds a storehouse and lot in the town of Greenville, Alabama, for $3,400. Reynolds paid $1,000 in cash, and gave his note to Bowen for $2,400, due the 1st January, 1869. On the 15th June, 1869, Bowen transferred said note, with the vendor's lien attached to it, to the defendant George, for a valuable consideration, being in payment of a debt for that amount owing by Bowen to him, for money loaned eighteen months before that time. On the 1st September, 1869, George filed his bill against Reynolds to subject the premises to the vendor's lien, and obtained a decree in October, 1869. Defendant Reynolds executed a mortgage on all of said lot to defendant Posey on the 9th May, 1868, to secure the payment of $2,000 advanced

by him on that day to Reynolds. Posey had no knowledge of the outstanding vendor's lien at the time he advanced his money and received his mortgage. This mortgage was recorded on the 25th May, 1868; and it is admitted by counsel, that $529 of this debt is still due and unpaid. On the 12th April, 1869, defendants Reynolds and Bowen executed to defendants Lehman, Durr & Co. a mortgage on the west half of said lot, to secure the payment of $1,926 advanced to Reynolds on that day. This mortgage was recorded on the 15th April, 1869; and it is admitted by counsel, that there is now due on this debt $2,371. This mortgage was executed before Bowen transferred to George the note given by Reynolds for the purchase-money of the lot. Reynolds and his wife (Mrs. C. C. Reynolds) executed a mortgage to the complainants in this suit, Pepper & Co., on the 22d July, 1869, on the west half of said lot, to secure the payment of a preëxisting debt of over $3,000 due to complainants from E. Bowen & Co., a firm composed of defendants Bowen, Reynolds, and Carter. On this mortgage a relinquishment of dower was taken. This debt of Bowen & Co. was contracted in the summer and fall of 1868, and the complainants' mortgage was executed after George had acquired the possession and ownership, for valuable consideration, of the $2,400 note given by Reynolds to Bowen.

" Under the decree in favor of George, the west half of the lot was sold for $4,000, and the east half for $700. At this sale, the defendant Willis became the purchaser, and paid the full amount of the purchase-money. The register satisfied George's decree, which then amounted to $2,632.92; and after paying the costs, which amount to $114.30, reports that he has the balance of the purchase-money, $1,952.78, on hand ready to be paid under the order of the court. By agreement of counsel it is admitted, that the entire property sold for its full value, and a re-sale is not asked for; but it is agreed that the sale may be confirmed, and that the entire proceeds of said sale may be applied as equity may require. About the 10th March, 1870, since the filing of complainants' bill, the defendant Willis purchased the debt and mortgage of Lehman, Durr & Co., and paid $1,500 in cash for the same; which amount, with interest, the complainants insist, is as much as Willis is entitled to receive, though the amount now due on his debt is $2,371.

" The proof shows, also, that H. A. Herbert, one of the complainants' counsel, who negotiated for and wrote the mortgage for them from Reynolds and wife, also wrote the conveyance from Bowen to Reynolds of the house and lot in controversy, and the $2,400 note given by Reynolds to Bowen for the purchase-money, and knew that said note, at the time of

[Pepper v. George.]

its execution, in February, 1868, had passed into the possession and ownership of George, which was previous to the execution of the mortgage to the complainants; and he had never been informed or heard whether said note was paid; but, at that time, he was not the complainants' attorney, and did not become so until several months afterwards. The mortgage executed by Reynolds and wife to complainants extended the time of payment of the debt which it was given to secure, and which had been due more than eighteen months, until the 1st January, 1870; and the complainants also withdrew a suit which they had commenced in the circuit court of Butler county on the claims in the mortgage."

On this state of facts, the chancellor decreed that the several debts should be paid in the following order: 1st, the debt secured by the mortgage to Posey; 2d, the debt secured by the mortgage to Lehman, Durr & Co., now owned by Willis; 3d, the amount due to George on the vendor's lien; and, 4th, the debt due to complainants on their mortgage; and he also taxed the complainants with all the costs.

From this decree the complainants appeal, and here assign the following errors: "1. The court erred in its decree, in not postponing the claim of George, who claimed a vendor's lien, to the claim of appellants. 2. The court erred in its decree, in not allowing to the appellants the value of the inchoate dower interest of Mrs. Reynolds. 3. The court erred in its decree, in refusing to allow the appellants any portion of the purchase-money of the lots."

HERBERT & BUELL, for appellants. — 1. The complainants' mortgage constitutes them purchasers for valuable consideration. The consideration of their mortgage was not only the antecedent debt due to them from E. Bowen & Co., but an extension of that debt, and the discontinuance or dismissal of a pending suit on it; and this constituted a new consideration, within the meaning of the authorities. Wells v. Morrow, 38 Ala. 130; Boyd v. Beck, 29 Ala. 713; Dickerson v. Tillinghast, 4 Paige's Ch. 221; Whitesides v. Jennings, 19 Ala. 790; Hilliard on Mortgages, vol. 1, p. 682, 3d ed.

2. The complainants cannot be charged with implied notice of the outstanding vendor's lien, because one of their attorneys wrote the note and conveyance between Brown and Reynolds. At the time when those transactions occurred, he was not the attorney of the complainants, and did not become so until several months afterwards; and the principle is settled in this court, that a client is not chargeable with notice of every fact which was brought to the knowledge of his professional attorney while acting for another person, and in a former transac-

[Pepper v. George.]

action. *Lucas* v. *Br. Bank of Darien*, 2 Stew. 321; *Terrell* v. *Br. Bank at Mobile*, 12 Ala. 502; Story on Agency, § 140.

3. As against the complainants, George stands in no higher or better position than his transferror occupied. When the complainants sold their goods to Bowen & Co., that firm was doing business in the storehouse; and when they accepted a mortgage on the property from Reynolds, and dismissed their suit against the firm, one of the partners held a secret lien, which he transferred to George when past due. If Bowen were still the owner of the transferred note, he could not assert it against the complainants, being himself bound for their debt; and his assignee after maturity takes the note subject to any equities against his assignor.

4. There are here three liens: 1st, that of George, which is superior to that of Lehman, Durr & Co.; 2d, that of Lehman, Durr & Co., which is superior to that of the complainants; and 3d, that of the complainants, which is superior to that of George. As to the priority of liens in this dilemma, see *Munson* v. *Day*, 14 Ohio St.; Miller on Mortgages.

GAMBLE & POWELL, *contra*. — When a mortgage is taken to secure a preëxisting debt, the mortgagee does not become a purchaser in that sense which, being without notice of a preexisting equity, will cause his title to prevail over that of the prior equitable claimant. *Fenno* v. *Sayre*, 3 Ala. 470; *Andrews* v. *McCoy*, 8 Ala. 920; *Boyd* v. *Beck*, 29 Ala. 713; *Wells* v. *Morrow*, 38 Ala. 125; *Campbell* v. *Roach*, 45 Ala. 667; *Dickerson* v. *Tillinghast*, 4 Paige, 214; *Padgett* v. *Lawrence*, 11 Paige, 181; Williard's Equity, 256.

PETERS, C. J. — The suit was commenced by the appellants, to enforce their rights under a mortgage, which is made an exhibit to the bill. The learned chancellor sets out in his decree the material facts established by the evidence. After a careful comparison of this statement with the record, I am satisfied that it is correct, and I therefore adopt it. It is as follows: [*Vide supra.*]

It is a well settled principle of our law, that notice, actual or implied, to an agent, is notice to his principal. *Wiley, Banks & Co.* v. *Knight*, 27 Ala. 336; Story on Agency, § 140. And it is also equally well settled, that whatever is sufficient to put a party on the inquiry, is enough to charge him with notice. *Garrett* v. *Lyle*, 27 Ala. 586; *Bradford* v. *Harper*, 25 Ala. 337; *Burns* v. *Taylor*, 23 Ala. 255; *Center* v. *P. & M. Bank*, 22 Ala. 743; *McGehee* v. *Gindrat*, 20 Ala. 95; *Brewer* v. *Brewer & Logan*, 19 Ala. 482; *Herbert* v.

*Hanrick*, 16 Ala. 581; *Scroggins* v. *McDougald*, 8 Ala. 382; *Harris* v. *Center*, 3 Stew. 233. The principles announced in the cases above quoted are not denied by the learned counsel for the appellants, but it is insisted that they do not govern the present case; because the notice here relied on, or the facts from a knowledge of which notice is to be inferred, were not made known to the agent during his agency, and before the execution of the mortgage from Reynolds to the complainants; in other words, that a knowledge of facts sufficient to put the agent on the inquiry, accruing before the agency was created, is not enough to bind the principal. Though, at first, I felt inclined to question the soundness of such a distinction, yet this has been sanctioned by our learned predecessors to be a settled principle of our law. In *Mundine* v. *Pitts* (14 Ala. 84), it is settled, that notice to an agent or counsel employed by another person, in another business, at another time, will not be constructive notice to his principal or client employing him afterwards. *Worsley* v. *The Earl of Scarborough*, 3 Atk. 392; *Warrick* v. *Warrick*, Ib. 294; *Le Neve* v. *Le Neve*, Ib. 650; *Lowther* v. *Carlton*, 2 Ib. 242; *Lucas* v. *Br. Bank of Darien*, 2 Stew. 321; *Terrell* v. *Br. Bank of Mobile*, 12 Ala. 502; Story on Agency, § 140; 7 Greenlf. R. 195; 10 Watts's R. 397. This principle, though it seems to have been introduced for the convenience of professional lawyers, rather than in conformity with truth, has been now too long established to be abandoned. This is hardly reconcilable with the general rule, that the principal knows what the agent knows. *Wiley, Banks & Co.* v. *Knight*, 27 Ala. 336, 346. But it is so determined, and it is precisely in point in the case at bar. Yet its application does not affect the result in this case, as the complainants do not show themselves to be *bonâ fide* purchasers for valuable consideration, which passed at the time of the grant and conveyance of the mortgaged premises, as will be hereafter shown.

2. The claim for a distribution of the funds realized from the sale of the lands to the extent of the value of the widow's dower cannot be sustained. The wife joined in the husband's conveyance, but this only amounts to a relinquishment of her dower right, should she be entitled to dower, in case her statutory separate estate is less than the value of her dower and interest in her husband's lands. A relinquishment is not a sale of the right of dower. It is a mere abandonment of the wife's right, and estops her from setting up her claim. It simply removes an incumbrance. For this the complainants gave her nothing, and they are not entitled to have anything restored to them on this account. Rev. Code, §§ 1624, 1626, 1629, 2380.

[*Monnin v. Beroujon.*]

3. It is also insisted by the appellee, George, that the appellants have no standing in this court on the errors assigned; because they have not shown themselves to be *bonâ fide* purchasers for valuable consideration, which passed at the time of the grant and sale of the mortgaged premises. Their debts were unquestionably *preëxisting debts.* There was no *new debt* created at the date of the conveyance, which the mortgage was given to secure. The vendees paid nothing for the land conveyed. Our statute requires something of this kind to be done. It is in these words : " Conveyances of unconditional estates, and mortgages, or instruments in the nature of a mortgage, of real property, to secure any debt *created at the date thereof,* are void as to purchasers for *valuable consideration,* mortgagees, and judgment creditors, having *no notice thereof,* unless recorded within three months from their date." Rev. Code, § 1557. There was no debt created at the time of complainants' mortgage, which the mortgage was given to secure. Mere indulgence in prolonging the time of payment does not create a *new debt.* Where the consideration is the security of a debt already due, this must be converted into a new debt created at the date of the mortgage, which the mortgage is given to secure, else the subsequent purchaser or mortgagee does not bring himself within the relief afforded by the statute. *Ledbetter* v. *Walker*, 31 Ala. 175; also, *Boyd* v. *Beck*, 29 Ala. 703; and *Hanrick & Powell* v. *Thompson*, 9 Ala. 409. If the consideration of the mortgage is partly a preëxisting debt, and partly a new debt created at the date of the mortgage, the mortgagee will only be protected as to the *new debt.* No such new debt is shown in this case. *Wells* v. *Thompson*, 38 Ala. 125.

The judgment of the court below is, therefore, affirmed, with costs of this appeal in this court, and in the court below.

