# Downing *v.* Blair.

*Statutory Real Action in the Nature of Ejectment.*

1. *Ejectment ; legal title prevails over superior equities.*—Where a purchaser of land, giving his note for unpaid purchase-money, receives a conveyance, takes possession, and then executes a mortgage on the land, the mortgagee can maintain ejectment against a purchaser at a sale made under a decree of a court of equity, rendered on a bill filed to enforce a vendor's lien, by a transferee of the note given for the purchase-money against the purchaser, to which the mortgagee was not made a party. In such case, the legal title, which was in the mortgagee, not being before the court, was not divested ; and it must prevail at law over the defendant's superior equity.

2. *Acknowledgment of conveyance of land ; its effect, when in form prescribed by the statute.*—When a mortgage or other conveyance of land is duly acknowledged before a proper officer, and the requisite certificate of acknowledgment is affixed in the form prescribed by the statute, this constitutes such cogent proof of free agency and absence of restrain, as to be perfectly conclusive, unless rebutted by clear proof of fraud or imposition practiced on the grantor, in which the officer or grantee participated.

3. *Mortgage ; legal title after default in mortgagee.*—After the law-day of a mortgage, and default in the payment of the secured debt, the legal title to the mortgaged premises vests · in the mortgagee, and he may convey it to another, although he is not in possession, and does not assign the secured debt.

4. *Same ; when mortgagee a purchaser for value.*—When a mortgage, securing a pre-existing debt, is executed in consideration of an extension of the debt, this constitutes the mortgagee a purchaser for value.

APPEAL from Etowah Circuit Court.

[Downing v. Blair.]

Tried before R. A. D. Dunlap, Esquire, Special Judge.

This was a statutory real action in the nature of ejectment, by P. E. Blair, suing by her next friend, Levi C. Blair, against Archibold Downing; and was commenced on 23d November, 1880. The defendant pleaded not guilty, and also a special plea, averring, in substance, that in January, 1873, he purchased the lands sued for from Levi C. Blair, the plaintiff's husband, executing his promissory note for part of the purchase-money, receiving a deed to the lands, executed by the said Blair and wife, and taking immediate possession; that the note not having been paid, one W. P. Neeley, to whom the said Blair. had transferred said note, filed a bill in equity against defendant to enforce a vendor's lien for the unpaid purchase-money; and, on 23d June, 1877, he obtained a decree declaring a lien on the lands in his, Neeley's, favor, and ordering them sold for the payment of said note; that on 4th February, 1878, the lands were sold under said decree, and, at the sale, the said Neeley became the purchaser, receiving the register's deed to, and taking possession of the lands; that afterwards the said Neeley died "leaving a last will and divers children, heirs at law and legatees under his said will;" that afterwards, in January, 1880, "the children, heirs at law and legatees under the will of said W. P. Neeley sold and conveyed the said lands" to defendant's wife; and that since that time the defendant has been in the possession of said lands, as husband and trustee of his wife, she holding the same as her statutory separate estate. To this plea the plaintiff demurred, assigning the following, among other grounds of demurrer: (1) It does not allege that the plaintiff was a party to the bill in equity filed by said Neeley; or that the plaintiff was, in any way, bound by the decree rendered in that cause; (2) it does not show that the legal title to the land sued for was not in the plaintiff at the commencement of this suit; and (3) "all defenses set up can be made under the general issue." The court sustained the demurrer, and thereupon the cause was tried on issue joined on the plea of not guilty, the trial resulting in a verdict and judgment for the plaintiff.

On the trial, the plaintiff read in evidence a mortgage executed by the defendant and his wife on 1st December, 1875, in the presence of subscribing witnesses, conveying the lands sued for to one Thomas W. Francis, to secure a debt then past due, and which was extended until 1st February, 1876, in consideration of the security afforded by the mortgage. Two certificates of acknowledgment, shown to have been signed by one Shores, a justice of the peace, are appended to the mortgage; one, an acknowledgment by the defendant, and the other an acknowledgment by his wife, the latter in the form prescribed by

the statute for the execution by married women of conveyances of their husbands' homesteads. The plaintiff also read in evidence a conveyance executed by said Francis, conveying to the plaintiff all the right, title and interest which he had in the lands sued for, under and by virtue of said mortgage. The defendant, after introducing evidence tending to show that, at the time of the execution of said mortgage, he resided, and, from that time to the time of the trial, he had continued to reside, with his wife and family, on said lands "as his homestead," examined as a witness said Shores, and asked him whether he read over to Mrs. Downing, before signing it, the certificate of her acknowledgment of said mortgage. To this question the plaintiff objected, and her objection was sustained, and the defendant excepted. The defendant also asked said witness whether said certificate was true or false, stating, in connection with this question, "that he did not charge any specific or actual fraud on the part of the justice, but that he, by mistake, not knowing that it was necessary, did not in fact examine the wife separate and apart from the husband, but that all that took place was in his presence." The plaintiff having objected to the question, the court sustained the objection, and the defendant excepted. The defendant also asked said witness whether "he examined Mrs. Downing separate and apart from her husband." To this question an objection made by the plaintiff was sustained by the court, and the defendant excepted. Other evidence, of like character, offered by the defendant for the purpose of assailing the truth of the facts stated in said certificate of acknowledgment, was excluded on the plaintiff's objection, and exceptions were reserved by the defendant. The defendant also read in evidence a transcript of the record in the suit brought by Neeley against him, referred to in his special plea, and the deed executed by the register to Neeley, also mentioned in said plea.

The foregoing being the substance of the material portions of the evidence introduced on the trial, the court charged the jury, at the plaintiff's written request, that if they believed the evidence, they must find for her ; and to this charge the defendant excepted.

The rulings above noted are among the errors here assigned.

WATTS & SONS, for appellant.

AIKEN & MARTIN, contra.

SOMERVILLE, J.—The title of the plaintiff, Mrs. Blair, to the lands sued for would seem very clearly to be *prima facie* good, unless vitiated by some one of the several defenses set

up, which we will proceed to consider. Her chain of title is as follows: (1) A deed from Levi C. Blair to the defendant, Downing, executed in 1873; (2) a mortgage by Downing and wife to one Francis, in 1875.; (3) a conveyance by Francis of his legal title, as mortgagee, to the plaintiff, in 1880.

It is claimed, in the first place, that a superior title was acquired by Neely at the register's sale, in February, 1878, and was transferred by him to the defendant. When Blair sold to Downing, in 1873, conveying to him the legal title, the latter executed his promissory note for an unpaid balance of three hundred dollars, purchase-money due on the land. This was, without question, a lien on the land, superior to all other equities. The enforcement of it, however, by Neely, who became the transferee of it from Blair, did not affect the legal title then vested in Francis, for the plain reason, that Francis was not made a party to the bill for foreclosure of the lien. The legal title was not before the court, and could not be divested. Judgments and decrees of courts affect only the rights of parties and privies, and not of strangers. When the chancery suit was commenced, Francis was the holder of the legal title by conveyance from Downing. The superior *equity* merely can not be tested in an action of ejectment, which concerns only rights strictly legal.

The evidence offered by the defendant, seeking to assail the truth of the facts stated in the certificate of acknowledgment, appended by the justice of the peace to the mortgage of Francis, executed by Downing and wife on December 1st, 1875, was properly excluded. The rule is settled by our decisions, and generally by the weight of authority, that where a mortgage, or other conveyance, is duly acknowledged before a proper officer, and the requisite certificate of acknowledgment is affixed in the form prescribed by statute, this circumstance constitutes such cogent proof of a free agency and absence of restraint, as to be perfectly conclusive, unless rebutted by clear proof of fraud or imposition practiced on the grantor, in which the officer or the mortgagee participated.—*Miller v. Marx,* 55 Ala. 322; *Moog v. Strang,* 69 Ala. 98; *Johnston v. Wallace,* 24 Am. Rep. 699. There was no effort to assail the instrument on the ground of fraud, or imposition, but only to contradict the truth of the facts recited in the certificate of the justice on the theory of mere negligence or mistake, which was not permissible.

The law is, furthermore, settled in this State, that, after the law-day of a mortgage, and after default in payment of the mortgage debt, the estate at law—the *legal title* of the mortgaged property—vests in the mortgagee, and this title he can convey to another by apt words in a deed of conveyance,

[Gilmer v. Wallace.]

although the mortgage debt itself is not assigned.— *Welsh v. Phillips*, 54 Ala. 309. There are some authorities which make a distinction between conveyances made by mortgagees *in possession*, and out of possession ; but this distinction finds no room for recognition under the theory of mortgages now so fully settled in this State. There would seem to be no great difficulty in holding that a legal title, which, on the death of the holder, descends to his heirs, may be conveyed by contract during the life of the party in whom it is vested.

Francis was undoubtedly a purchaser for valuable consideration. Although the mortgage debt was a pre-existing one, the security was given upon the consideration of its extension, and this was sufficient to constitute the mortgagee a purchaser for value.—*Mobile Life Ins. Co. v. Randall*, 71 Ala. 220 ; *Thames v. Rembert*, 63 Ala. 561. The case of *Pepper v. George*, 51 Ala. 190, holding the contrary view, has been impliedly overruled by the above authorities, and we now declare it expressly overruled on this point.

We discover no error in the record, and the judgment is affirmed.