DAVIS IMPROVED WROUGHT IRON WAGON WHEEL CO. *v.* DAVIS WROUGHT IRON WAGON CO.

*(Circuit Court, N. D. New York. June 21, 1884.)*

1. PATENT LAW—LEGAL TITLE AS OPPOSED TO EQUITABLE—NOTICE.

The legal title to a patent will prevail over the equitable title, unless the rights of the holder of the legal title were acquired with notice of the equities of the party in whom the equitable title is.

2. CORPORATION—EFFECT OF KNOWLEDGE OF STOCKHOLDERS.

A corporation is not affected with notice of facts because some of the promoters who organized the corporation had knowledge of the facts, or because some of its stockholders had notice.

3. SAME—PRESUMPTION OF KNOWLEDGE.

A corporation is charged with notice of facts known to a director who is an active agent of the corporation in the transaction affected by his knowledge, although he acquired his knowledge unofficially.

4. SAME—KNOWLEDGE OF OFFICERS OR AGENTS.

A corporation is not charged with notice of facts known to its officer or agent in a transaction between him and the corporation in which he is acting for himself and not for the corporation.

In Equity.

R. H. *Duell*, C. H. *Duell*, and G. W. *Hey*, for complainant.

John A. *Reynolds*, for defendant.

WALLACE, J. The defendant relies upon its equitable title to the patents in suit to defeat the complainant's bill. The complainant has the legal title to the patents, having taken not only an assignment of the inventions from the Messrs. Davis, who were the inventors, but also the statutory title, the letters patent being issued to the complainant. The defendant claims to have succeeded to the rights of the Davis Iron Wheel Company, under an agreement made by that company with the Davises, by the terms of which the Davises covenanted to apply in the name of that corporation, its assigns or successors, for all patents for any improvements they might invent in iron wagons or any wheeled vehicle, or any parts thereof, and to transfer any such patents which they might procure to the company, its successors or assigns. The patents in suit are for inventions made by the Davises after this agreement was executed.

As the complainant has acquired the legal title to the patents, its title must prevail over the equitable title of the defendant, unless the complainant's rights were acquired with notice of the equities of the defendant.

Actual notice of these equities is not shown, but the defendant contends that the complainant is chargeable with constructive notice. The defendant was incorporated after the execution of the agreement between the Davises and the Davis Iron Wheel Company, and the Davises were two of the five incorporators. They were also two of its five directors when they assigned to it the inventions patented, and when the letters patent were issued to it. The circumstance that the Davises were promoters or associates with others in forming the corporation is not material. A corporation can have no agents until it is brought into existence, and after that it acts and becomes obligated only through the instrumentality of its authorized representatives. Stockholders cannot bind it except by their action at corporate meetings, and it is undoubted law that notice to individual stockholders is not notice to the corporation, and their knowledge of facts is not notice of them to the corporation. *In re Carews Act*, 31 Beav. 39; *Union Canal Co.* v. *Loyd*, 4 Watts & S. 393; *Fairfield Turnpike Co.* v. *Thorp*, 13 Conn. 182; *The Admiral*, 8 Law Rep. (N. S.) Mass. 91. Instances may occur where associates combine together to create a paper corporation, as a form or shield to cover a partnership or joint venture, and where the stockholders are partners in intention. The liberal facilities offered by the statutes of many of our states for organizing such corporations are undoubtedly often utilized by those whose only object is to escape liability as partners by calling themselves stockholders or directors. Where such a concern is formed, a court of equity might treat the associates as partners in fact, disregard the fiction of a corporate re-

lation between them, and subject the title of the property transferred to it by the promoters to any equities which might have existed as against them. If it had been shown here that the Davises formed the corporation for the purpose of transferring to it the inventions and patents which they were in equity obligated to transfer to another corporation, and that they contributed the capital and were the only persons having a substantial interest in the corporation, it might be successfully urged that the corporation would stand in no better position than theirs. Nothing of this, however, is in the proofs; and, in the absence of evidence, the court cannot assume that those persons who have been associated with the Davises as corporators and stockholders have not the ordinary rights and interests of stockholders.

The question remains whether the complainant is charged with constructive notice of the defendant's rights because the Davises were directors of the complainant at the time it acquired its interest in the inventions, and when the letters patent were issued to it. The authorities do not agree whether a corporation is to be held cognizant of facts which have come to the knowledge of an officer or director unofficially; but the better opinion would seem to be that if the officer or director is an active agent of the corporation in the transaction affected by his knowledge, it is not material how or when he acquired his information. There is no evidence here to show what took place between the Davises and the other directors or officers of the complainant in regard to the purchase of the inventions, or whether the Davises took any official part in the transaction which resulted in the issuing of the letters patent to complainant. The defendant relies on the mere fact that they were directors when the corporation derived its title, and insists that this circumstance alone is notice to the corporation of the infirmity of the title it obtained. This is not enough. It cannot be assumed that they participated as directors when they were representing their own interests as parties contracting with the corporation; and it would be most unreasonable to charge the corporation with notice of facts within their knowledge, but which it was not for their interest to communicate to the officers or to their co-directors. They were selling to the complainant what they had already sold to another, and, if they had communicated the facts, the corporation would have purchased only a worthless title. If they had imparted their knowledge to the other directors or officers they would have defeated the object in view. The general rule which charges a principal with the knowledge of his agent is founded on the presumption that the agent will communicate what it is his principal's interest to know and the agent's duty to impart. In the language of Mr. Justice BRADLEY, the rule "is based on the principle of law that it is the agent's duty to communicate to his principal the knowledge which he has respecting the subject-matter of the negotiation, and the presumption that he will perform that duty." *The Distilled Spirits*, 11 Wall. 367. The rule has no application when an agent divests himself of his fidu-

ciary character and becomes a contracting party with his principal, because there is no reason to presume that he will impart information which it is for his interest to suppress. "When a man is about to commit a fraud it is to be presumed that he will not disclose that circumstance to his colleagues." *Kennedy* v. *Green,* 3 Mylne & K. 699. Accordingly, it has been repeatedly adjudged that a corporation will not be charged by the knowledge of a director in a transaction in which the director is acting for himself, because he represents his own interests, and not those of the corporation. *Com. Bank* v. *Cunningham,* 24 Pick. 270, 276; *Housatonic & Lee Banks* v. *Martin,* 1 Metc. 308; *Winchester* v. *Balt. & S. R. Co.* 4 Md. 239; *Seneca Co. Bank* v. *Neass,* 5 Denio, 337; *La Farge Fire Ins. Co.* v. *Bell,* 22 Barb. 54; *Terrell* v. *Branch Bank of Mobile,* 12 Ala. 502.

As the defendant has failed to show that the complainant's title is affected by notice of the facts upon which the defendant's equities rest, the complainant is entitled to a decree.