NATIONAL BANK OF MISSOURI (LEVI v.). See Case No. 8,289.

NATIONAL BANK OF MISSOURI v. PAPIN. See Case No. 12,239.

## Case No. 10,039.

**NATIONAL BANK OF THE REPUBLIC v. BROOKLYN CITY & N. R. CO. et al.**

[14 Blatchf. 242.] [1]

Circuit Court, S. D. New York. May 26, 1877. [2]

NOTES—WRONGFUL TRANSFER TO INNOCENT HOLDER—EQUITIES—ESTOPPEL—JUDGMENT IN FAVOR OF ENDORSER—ACTION AGAINST MAKER.

1. H., having a promissory note made by B., wrongfully diverted it and transferred it to N., as collateral security for a precedent debt due by H. to N., who took it in good faith: *Held*, that N. could not be affected by any equities between B. and H.

[Cited in Bank of The Metropolis v. First Nat. Bank of Jersey City, 19 Fed. 302; First Nat. Bank of Circleville v. Bank of Monroe, 33 Fed. 410.]

2. N. sued an endorser of the note in a state court, and was defeated on the ground that the law, as held by the state court, was, that N. having taken the note as security for a precedent debt, took it subject to the equities between the prior parties. Afterwards N. sued the maker on the same note: *Held*, that the judgment in the suit against the endorser was not a bar in favor of the maker.

[This was an action by the National Bank of the Republic against the Brooklyn City & Newtown Railroad Company.]

Rodman & Adams, for plaintiff.
Field & Deyo, for defendant.

WALLACE, District Judge. The diversion of the note in suit by Hutchinson & Ingersoll cannot avail the defendants, the makers, because, within the authority of Swift v. Tyson, 16 Pet. [41 U. S.] 1, the plaintiff, having taken the note in good faith from Hutchinson & Ingersoll, though only as collateral to a pre-existing debt of the latter, cannot be affected by the equities between the antecedent parties. It is useless to review or discuss the numerous cases which hold that, where a note is thus taken as security, and there is no agreement, express or implied from the circumstances, that the creditor is to forbear or extend the loan, he is not a holder for a valuable consideration, and cannot recover against the maker, when the note has been fraudulently put in circulation or diverted. It suffices to say, that this is the conclusion reached in nearly all the cases in England and in this country where the question has arisen, and is in accord with the doctrine of courts of equity, that he who does not part with some new consideration, or assume some new obligation, is not a purchaser for a valuable consideration, and has no better rights than the party from whom he purchases. Text writers and commentators of very respectable authority have expressed the opinion that no new agreement between the creditor and the party transferring the paper is essential, for the reason that, if such an agreement is not implied, at least there follows a remission of that vigi-

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 102 U. S. 14.]

lance which might otherwise have secured satisfaction of the debt, and because the acceptance of the security imposes new obligations on the part of the creditor toward the debtor. Daniel, Neg. Inst. § 829; Byles, Bills, 125, note by Judge Sharswood. Whether this reasoning is satisfactory or not I shall not now stop to inquire. The case of Swift v. Tyson [supra], was one where the bill was taken in payment of a note held by the plaintiff against the person who transferred the bill, but no weight was placed upon the fact that plaintiff accepted the note in payment and thus satisfied the original debt; and it has been generally accepted as committing the supreme court to the broad proposition, that the mere acceptance of negotiable paper as security entitled the holder to all the rights of a purchaser for a valuable consideration. McBride v. Farmers' Bank, 26 N. Y. 450; Atkinson v. Brooks, 26 Vt. 569; Allaire v. Hartshorne, 1 Zab. [21 N. J. Law] 665; Gibson v. Conner, 3 Ga. 47; Fellows v. Harris, 12 Smedes & M. 462; Blanchard v. Stevens, 3 Cush. 162. Until a more decisive expression from that tribunal, I must yield to the accepted import of that decision, and hold adversely to the position of the defendant.

It is insisted for the defendant, that the judgment recovered in the suit brought by the plaintiff against the endorsers of the note in suit is a bar to this action against the maker. That suit was brought in the state court, and decided, not upon any defence peculiar to the endorsers, but in accordance with the rule as held in this state, by which the holder of a note, who has taken it as security for a precedent debt, takes it subject to the equities existing between the prior parties. The simple question, then, is whether a judgment in favor of an endorser, in an action by the holder of the note, is an estoppel in an action brought against the maker, where the defence is upon ground common to both the maker and endorser. It would hardly be contended that a judgment in favor of the creditor against the principal would estop a surety from contesting the same issue when sued by the creditor; and it has been decided, in several cases, that a judgment in favor of the principal, when sued by the creditor, will not preclude a subsequent recovery by the creditor against the surety. Townsend v. Riddle, 2 N. H. 448; Bank of the State v. Robinson, 8 Eng. [13 Ark.] 214; Barker v. Casidy, 16 Barb. 177. Where there is no agreement, express or implied from the nature of the contract, that a surety shall be bound by a suit against the principal, the surety is not affected by the result. He is in the position of a stranger to the controversy. If the surety is not precluded by a judgment against the principal, the creditor is not, because estoppel must equally affect both parties. I entertain no doubt that the former suit is not a bar. To the extent its payment operated as a satisfaction of the plaintiff's debt, the defendant is entitled to be relieved. It has no other effect. The plaintiff is entitled to judgment for the amount of the debt unpaid, for which the note in suit was taken as collateral.

[On appeal to the supreme court the judgment of this court was affirmed. 102 U. S. 14.]