## CLAFLIN v. WILSON ET AL.

1. **Promissory Note:** INDORSEMENT FOR COLLECTION. A promissory note indorsed for collection cannot be transferred by one receiving such indorsement to another who has notice of the limitation upon the authority of the holder.

2. ——: ——: RATIFICATION. A note having been indorsed for collection, and the indorsee having sold the note, the retention of the money by the payee, in ignorance of the fact that the note was sold, would not constitute a ratification of the sale.

*Appeal from Linn District Court.*

FRIDAY, APRIL 25.

ACTION in chancery. There was a decree in the District Court granting the relief prayed for by plaintiff. Defendant Davis appeals. The facts of the case appear in the opinion.

*Blake & Hormel,* for appellant.

*Alexander Campbell,* for appellee.

BECK, CH. J.—I. The petition alleges that defendant Wilson made to plaintiff three promissory notes, and executed a mortgage to secure their payment; that the note first falling due was by plaintiff, in the ordinary course of business, in-

Claflin v. Wilson.

dorsed for collection, and by Wilson, or by some one for him, duly paid, and that defendant Davis, claiming that he had bought the first note, instituted an action to foreclose the mortgage and recovered a decree thereon, and caused the lands to be sold upon an execution. He and his attorney in the case became purchasers, and received a certificate of purchase from the sheriff. Plaintiff alleges that he did not transfer the note to Davis nor authorize any one to do so for him, and had no knowledge of his claim until about the time this suit was commenced, and that Wilson is now insolvent. The relief prayed for is that the foreclosure proceedings on the note and the sale thereunder be set aside, and that the mortgage be foreclosed for the amount due upon the two notes last falling due, which are still plaintiff's property.

The answer of defendant Davis admits the foreclosure proceedings referred to in the petition, and alleges that he bought the note in good faith and for value. Other averments of the petition are denied.

II. The evidence establishes the following facts: Plaintiff sent the note through a bank to another banking house for 1. PROMISSORY collection. It was indorsed by plaintiff in blank, note: indorse- and by the bank to whom he delivered it to the lection. bank receiving it "for collection." Neither of these banks were authorized to transfer the note; their power was limited to its collection. The second bank or its successor in business received the amount due upon the note from Davis, and delivered to him the note. Davis understood the transaction as being a purchase of the note, and the banker of whom he received it had the same understanding. But Davis is chargeable with notice that the banker with whom he had the transaction was not authorized to transfer or sell the note. The indorsement upon it expresses that it was transferred to him for collection. The law will not permit him to plead ignorance of the extent of the authority of the holder who delivered it to him. Upon this point there can be no controversy.

Claflin v. Wilson.

It .is an elementary rule, which need not be here supported by authority, that a note indorsed for collection cannot be transferred by one receiving it under such indorsement to another who has notice of the limitation upon the authority of the holder. Davis cannot, therefore, be regarded as a purchaser of the note, so as to cut off any right or equity of plaintiff.

III. But Davis insists that plaintiff is bound by the decree of foreclosure, and that the rights of the parties are *res adjudicata.*

The proceedings and decree in that case are not before us, nor do the pleadings set them out by averments so far as to authorize us to determine •whether plaintiff is bound thereby. The petition does .not state whether plaintiff was or was not a party in the case. It alleges that no personal service was made upon him. The answer alleges that plaintiff was served by publication, but there is not one word in the abstract that a judgment in that case was rendered against plaintiff, or that his rights were attempted to be affected thereby. For aught we know plaintiff, if he was a party to· that suit, may have been dismissed, and no decree rendered against him. But defendant insists that counsel for plaintiff admit in their arguments the judgment pleaded as *res adjudicata.* The language which is claimed to be an admission is as follows: "In the· case of *Davis v. Wilson et al.* Claflin had no notice of the pendency of the suit. It is true that notice was made by publication. No appearance was made by any of the persons named as defendants in Davis' bill, and default was rendered. Claflin obtained a rehearing within the time required, and the order of foreclosure was vacated after a fair and impartial hearing. Davis has suffered no wrong; he has now all the remedy to which he was at first entitled."

It surely cannot be claimed that this language, whatever else it may mean, admits that a judgment was rendered which in form cut off and foreclosed all rights held by plaintiff.

IV. Defendant insists that plaintiff ratified the sale and.

transfer of the note by receiving and retaining the money 2. —: —: paid him by the banker. But the money was *ratification.* received in ignorance of the claim of purchase by Davis. He was authorized to regard the transaction as payment, and he received the money in satisfaction of the note. The fact that plaintiff retains the money cannot be regarded as a ratification of the sale for the reason that he could not have been restored to the condition he was in before the payment of the note, because of the decree in favor of Davis, and his attempt to enforce it by sale of the lands.

We think the decree of the court below is correct. It is, therefore,

AFFIRMED.