Bank of the Metropolis *v.* First Nat. Bank of Jersey City.

(*Circuit Court, S. D. New York.* February 8, 1884.)

1. NEGOTIABLE PAPER—QUALIFIED INDORSEMENT—NOTICE.

    An indorsement upon negotiable paper "For collection; pay to the order of A. B.," is notice to all purchasers that the indorser is entitled to the proceeds.

2. MONEY HAD AND RECEIVED—PRIORITY.

    An action for money had and received lies against anyone who has money in his hands which he is not entitled to hold as against the plaintiff; and want of priority between the parties is no obstacle to the action.

At Law.

*Francis Schell,* for plaintiff.

*Marsh, Wilson & Wallis,* for defendant.

WALLACE, J. The plaintiff sues to recover the amount of certain checks of which it was the holder and owner, and which came to the defendant's hands and were collected by its sub-agent under the following circumstances: The plaintiff sent the checks to the Mechanics' National Bank of Newark, for collection, with the qualified indorsement, "For collection; pay to the order of O. L. Baldwin, cashier," Baldwin being the cashier of that bank. The Mechanics' National Bank of Newark sent the checks for collection to the defendant, pursuant to an existing arrangement between them by which each sent to the other commercial paper for collection, it being understood that the proceeds were not to be specifically returned, but were to be credited to the sending bank by the receiving bank, and enter into the general account between them, consisting of such collections and other items of account, and offset any indebtedness of the sending bank to the receiving bank. After the defendant received the checks in question, the Mechanics' National Bank of Newark became insolvent, and suspended payment, being indebted to the defendant under the state of the accounts between them in a considerable sum.

Upon these facts it is clear that the relations between the defendant and the Newark bank in respect to paper received by the former from the latter for collection were those of debtor and creditor, and not merely of agent and principal, (Morse, Banks, 52;) and the defendant, having received the paper with the right to appropriate its proceeds upon general account as a credit to offset or apply upon any indebtedness existing or to accrue from the Newark bank growing out of the transactions between the two banks, was a holder for value. Since the decision in *Swift* v. *Tyson,* 16 Pet. 1, it has been the recognized doctrine of the federal courts that one who acquires negotiable paper in payment or as security for a pre-existing indebtedness is a holder for value, (*Nat. Bank of the Republic* v. *Brooklyn City, etc., R. Co.* 14 Blatchf. 242; affirmed, 102 U. S. 14;) and if the defendant had been justified in assuming that such paper was the property of the Newark bank, it would have been entitled to a lien upon it for a balance of account, no matter who was the real owner of the paper. *Bank of Metropolis* v. *New England Bank,* 1 How. 234. But the checks bore the indorsement of the plaintiff in a restricted form, signifying that the plaintiff had never parted with its title to them. In the terse statement of GIBSON, C. J., "a negotiable bill or note is a courier without luggage; a memorandum to control it, though indorsed upon it, would be incorporated with it, and destroy it." *Overton* v. *Tyler,* 3 Pa. St. 348. The indorsement by plaintiff "for collection" was notice to all parties subsequently dealing with the checks that the plaintiff did not intend to transfer the title of the paper, or the ownership of the proceeds, to another. As was held in *Cecil Bank* v. *Bank of Maryland,* 22 Md.

148, the legal import and effect of such indorsement was to notify the defendant that the plaintiff was the owner of the checks, and that the Newark bank was merely its agent for collection.   In *First Nat. Bank* v. *Reno Co. Bank*, 3 FED. REP. 257, paper was indorsed, "Pay to the order of Hetherington & Co., on account of First National Bank, Chicago," and it was held to be such a restrictive indorsement, as to charge subsequent holders with notice that the indorser had not transferred title to the paper, or its proceeds.   Under either form of indorsement the natural and reasonable implication to all persons dealing with the paper would seem to be that the owner has authorized the indorsee to collect it for the owner, and conferred upon him a qualified title for this purpose and for no other.   Other authorities in support of this conclusion are *Sweeny* v. *Eastor*, 1 Wall. 166; *White* v. *Nat. Bank*, 102 U. S. 658; *Lee* v. *Chillicothe Bank*, 1 Bond, 389; *Blaine* v. *Bourne*, 11 R. I. 119; *Claflin* v. *Wilson*, 51 Iowa, 15. The defendant could not acquire any better title to the checks or their proceeds than belonged to the Newark bank, except by a purchase for value, and without notice of any infirmity in the title of the latter.   As the indorsement of the checks was notice of the limited title of the Newark bank, the defendant simply succeeded to the rights of that bank.

It is insisted for the defendant that there was no privity between the plaintiff and the defendant respecting the transaction, because the defendant was not employed by the plaintiff, but was the agent only of the Newark bank; and it is argued that if the defendant is answerable to the plaintiff, so would be every other party through whose hands the paper might pass in the process of being collected. In answer to this it is sufficient to say that the defendant is sued, not as an agent of plaintiff, nor upon any contract liability, but upon the promise which is implied by law whenever a defendant has in his hands money of the plaintiff which he is not entitled to retain as against the plaintiff.   It has long been well settled that want of privity is no objection to the action of *indebitatus assumpsit* for money had and received.   See note *a*, Appendix, 1 Cranch, 367, where the authorities are collated.

As against the plaintiff, the defendant had no right to retain the proceeds of the checks as security or payment for any balance due to it from the Mechanics' National Bank of Newark, after a demand by the plaintiff.   The plaintiff is therefore entitled to judgment.