LUTHER HOFFMAN ET AL., PLAINTIFFS IN ERROR, v. FIRST NATIONAL BANK OF JERSEY CITY, DEFENDANT IN ERROR.

ANDREW S. BENNETT AND MICHAEL FARLEY, PLAINTIFFS IN ERROR, v. FIRST NATIONAL BANK OF JERSEY CITY, DEFENDANT IN ERROR.

1. A check deposited by general endorsement of payee, and passed to his credit on the books of a bank, becomes the property of such bank, and may legally be transferred to a *bona fide* creditor.

Hoffman v. First National Bank of Jersey City.

2. The words "for collection" appended to the endorsement limit the effect which the endorsement would have without them, and give authority to the holder only to collect for the benefit of the endorser.

For the plaintiffs in error, *Gilbert Collins.*

For the defendant in error, *Wm. Brinkerhoff.*

The opinion of the court was delivered by

PARKER, J.   These causes were argued together.

In each case the declaration is against the maker and endorser of a bank check.

In one case Luther Hoffman was the maker of a check drawn on the Clinton National Bank, payable to the order of Schmidt and Scarry, who endorsed the same.   In the other case the check was drawn upon the Second National Bank of Jersey City, by Aaron S. Bennett, to the order of Michael Farley, and by him endorsed.

On the 9th day of January, 1883, these checks were deposited by the respective payees in the City Bank of Jersey City, where they kept accounts, by general endorsement, and on the same day, the checks were passed by said City Bank to the First National Bank of Jersey City.

On the next day, January 10th, the City Bank closed business, and it then appeared that the said bank was insolvent.

It appears from the evidence that at the close of business on the 8th day of January, 1883, the City Bank was indebted to the First National Bank in the sum of $58,300, and at the close of business on the 9th day of January in the sum of $54,485.13 for loans and overdrafts.   The checks were received by the First National Bank from the City Bank as cash, and applied to the then subsisting indebtedness of the City Bank.

There is no evidence to prove that the cashier of the First National Bank, or any of its officers or directors, knew, at the time the checks were passed to their bank, of the insolvency of the City Bank.

There is no proof of fraud or collusion on their part. On the contrary, the testimony is conclusive that the transaction on the part of the First National Bank was *bona fide,* and that the checks were received from the City Bank on a subsisting indebtedness, and credited under the belief that the paper belonged to the City Bank.

At the trial the jury was instructed to render a verdict in each case for the plaintiff for the full amount of the respective checks, and interest.

This instruction was right. There was nothing about the checks themselves to show, nor did it appear by the testimony that they were deposited in the City Bank for collection. If it had been intended by the payees to leave the checks with the City Bank merely for collection, the words " for collection " should have been added to the endorsements. But the endorsements being general and the checks passed to the credit of the depositors on the books of the City Bank, from that moment they became the property of the City Bank, and such bank became liable to the depositors to pay any checks they might draw upon it to the amount of their deposits.

Had the payees endorsed the words " for collection " on the checks they would have saved all question. *Cecil Bank* v. *Tanners,* 22 *Md.* 148.

But they chose to neglect this precaution, and endorsed generally, and thereby permitted another to appear as owner ; and if thereby any person was misled, and loss occurred, it is proper that they whose carelessness gave opportunity for the other to be deceived should bear the loss. *Morse on Banking* 422.

The words " for collection " appended to an endorsement limit the effect which the endorsement would have without them, and warn subsequent takers that the purpose of the endorsement, though in blank, is not to transfer the ownership of the paper or its proceeds. Such an endorsement is intended, not to give currency or circulation to the paper, but to have an effect precisely the reverse, *i. e.,* to prevent further

circulation, and to limit the authority of the holder to the act of collection, for the benefit of the endorser. *Morse on Banking* 423 ; *Sweeny* v. *Easter*, 1 *Wall.* 166.

The holder of a check payable to order, and endorsed in blank by the payee, with a general endorsement, is presumed to be the owner, and such check, like other commercial paper, will pass by delivery.

In *Terhune* v. *Bank of Bergen County*, 7 *Stew. Eq.* 367, it was held that a complainant who deposited in said bank checks of various persons, on different banks, by general endorsement, absolute on the face, the day before the bank closed its doors (the checks having been forwarded in the meantime), was not entitled to preference over other creditors of the bank.

In *Titus & Scudder* v. *Mechanics' National Bank*, 6 *Vroom* 588, Chancellor Zabriskie, in delivering the opinion of this court, said that checks received by a bank and credited as cash were to be treated in the same way as if the credit was of notes of other banks, and that by such credit the bank becomes the owner of the checks as fully as if they were legal tender notes or bank bills deposited.

The checks on which these actions were commenced having been endorsed generally, and delivered to the City Bank by the endorsees, became the property of the City Bank as soon as passed to their credit, and could legally be transferred to the First National Bank of Jersey City, or to any other *bona fide* creditor.

If the City Bank had held the checks until after its insolvency, and they had come to the hands of a receiver, a court of equity might have compelled return to the depositors. Nixon, J., in *Balbach* v. *Frelinghuysen, Receiver*, 6 *N. J. Law Journal, April*, 1883.

But in this case the checks were transferred to the First National Bank before insolvency ascertained, in payment of a debt, and although the transfer was only the day before the City Bank closed its doors, the right to the checks and to the proceeds thereof passed to the First National Bank.

In the absence of fraud the length of time between the transfer and the insolvency is not material.

The judgment in each case is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, PATERSON. 11.

*For reversal*—None.