H. KEMPNER v. J. M. JORDAN ET AL.

No. 133.

1. **Priority of Liens—Case in Judgment.**—Appellant became the owner of a note for $269, executed by Jordan, and secured by a vendor's lien upon the land in controversy. Having sent it to a bank in Houston County, where Jordan resided, for collection, at the request of Jordan, Tunstall paid the note to the bank, and the cashier transferred the note to him, and upon it he afterwards sued, obtained judgment foreclosing the vendor's lien, and at the sale of the land became the purchaser. Prior to the suit, Jordan executed a trust deed to Kempner on the same land, to secure another debt, in which it was recited that the lien of the $269 note had been paid. Kempner was not made a party to the foreclosure suit of Tunstall. *Held*, that the endorsement of the vendor's lien note to the bank by Kempner for collection restrained its negotiability, that Tunstall had notice of the character of the endorsement, and that the lien of Kempner's deed of trust was superior to the rights of Tunstall to have satisfaction of his note out of the land.

2. **Pleading—Right of Subrogation Must be Claimed.**—It will not be necessary to determine what right Tunstall had to be subrogated to the right of the payee of the note, and maintain a cause of action against the maker thereof. He claimed no right of subrogation, and only set up title to the land, and was not entitled even to the relief awarded him in giving him judgment against Jordan for the amount due on the note, and foreclosing his lien.

3. **Endorsement for Collection Restrains Negotiability.**—The note was endorsed for collection only, and this had the effect to restrain its negotiability. It prevented the further circulation of the paper, and the bank cashier had no right to assign it.

4. **Ratification of Endorsement—Receiving Proceeds.**—The fact that Kempner retained the money received by the bank from Tunstall, can not be regarded as a ratification of the assignment of the vendor's lien note, because he could not be restored to the position he was in before payment. He had no notice that the note had been assigned until long after he had, in accordance with an agreement made with Jordan to extend the time on his unpaid notes, taken the deed of trust on the land. He received the money in satisfaction of the note, and was authorized to regard the transaction as payment.

APPEAL from Galveston.    Tried below before Hon. WM. H. STEWART.

*Davidson & Minor*, for appellant.— 1. When a note is endorsed "for collection," the endorsee can not transfer it by endorsement to another, and is only authorized to collect the money and apply the amount so collected for the use of his endorser; and such restrictive endorsement, "for collection," appearing on the back of the instrument, is notice of the trust to any subsequent holder, and such subsequent endorsee takes the paper subject thereto.    Tied. on Com. Paper, sec. 268; Bank v. Packing Co., 70 Mo., 643; Sweeney v. Easter, 1 Wall., 166; Bank v. Hollister, 21 Minn., 385; Hook v. Pratt, 78 N. Y., 371; Claflin v. Wilson, 51 Iowa, 15; Trentel v. Barandon, 8 Taunt., 100; Blaine v. Bourne, 11 R. I., 1.

2. Tunstall acquired no rights through the transaction between him and Winfree which he can enforce upon the 225 acres in question, as against Kempner, who by virtue of his trust deed of February 7, 1891, is in the position of a bona fide purchaser for valuable consideration, without notice. Henderson v. Pilgrim, 22 Texas, 474; Saunders v. Hartwell, 61 Texas, 686.

3. The court erred in foreclosing the lien of said defendant Tunstall in this suit, in this, that said defendant Tunstall does not allege any indebtedness owing him by Jordan, nor that he is the holder or owner of said $269 note, nor that he owns or claims any lien upon the land in question (the 225 acres); nor does he pray for any foreclosure in his favor or for the sale of said 225 acres to satisfy any debt in his favor; nor has the defendant Tunstall any proper pleadings whereunder he might be subrogated to any rights with respect to the vendor's lien of the $269 note, or whereby he could claim a foreclosure in his favor. King v. Brown, 80 Texas, 278; Byler v. Johnson, 45 Texas, 509; Morrow v. Morgan, 48 Texas, 304; Silliman v. Gammage, 55 Texas, 365; Railway v. Whitaker, 68 Texas, 634.

No briefs for appellees.

GARRETT, Chief Justice.—This action was brought by H. Kempner, in the District Court of Galveston County, against J. M. Jordan and wife, J. W. Channel, and J. W. Edmundson as trustee, and T. B. Tunstall, to recover of J. M. Jordan upon three certain promissory notes, secured by a deed of trust upon land. T. B. Tunstall and other parties defendant were joined as claiming some interest in the land.

Plaintiff's cause of action was for three notes, as above stated, for $163.47 each, dated December 18, 1888, and due at one, two, and three years after date, respectively; and in order to secure these notes, and an extension thereof, the said Jordan and his wife afterwards, on March 1, 1890, executed a deed of trust to the defendant Edmundson upon certain land other than the land (a tract of 225 acres) in controversy in this suit, which said deed of trust was duly recorded in the record of deeds for Houston County, where the land lay. Kempner also became the owner and holder in due course of trade of another note of the said J. M. Jordan for the sum of $269, dated January 17, 1887, and due November 1, 1887, which was secured by a vendor's lien upon the land in controversy.

In December, 1890, Kempner sent this last note to the Houston County Bank, at Crockett, Texas, for collection, endorsed as follows: "Pay E. Winfree, Esq., cashier, for collection. [Signed] H. Kempner."

The appellee Tunstall, at the request of Jordan, the maker of the note, paid the money therefor to the cashier, who transferred it by written endorsement to said Tunstall, and remitted the proceeds to Kempner as payment of the note. In a few days afterward, the time to which the

other notes had been extended having expired, and Jordan having failed to pay the same, Kempner brought suit thereon to foreclose the lien of the deed of trust. Jordan offered to give Kempner further security if he would extend the time on these notes again, and as such security offered the tract of land which the appellee Tunstall claims, and upon which the note for $269 taken up by Tunstall was a vendor's lien, and another tract. Kempner acceded to this, and on February 7, 1891, the defendant Jordan executed a second deed of trust, embracing the land included in the first deed of trust as well as the two other tracts mentioned, including the one on which the $269 note was a lien, which was duly recorded in the records of Houston County. Said deed of trust was accepted, with the recital that the $269 note which was a lien on the 225 acres had been paid, and that the lien thereof was discharged. Jordan failed to pay the notes as extended, and Kempner instituted this suit to recover the amount thereof and to foreclose his lien upon all the land.

All of the defendants suffered default except Tunstall, who answered, that he became the owner and holder of the $269 note for a valuable consideration, and that it had been assigned to him; that defendant Jordan having failed to pay the note, he had instituted a suit thereon in Houston County, and obtained judgment against Jordan for the amount, foreclosing his lien on the 225 acres of land, which was one of the tracts on which plaintiff sought to foreclose a lien, and that said land had been sold in accordance with an order of the court, and had been purchased by said Tunstall at sheriff's sale under said judgment, his bid having been credited on his judgment against Jordan, whereby he became the owner of said land, and that the same was not subject to plaintiff's said deed of trust, and prayed to be quieted in his title. It appeared from the answer that Kempner was not a party to that suit. Appellee did not ask to have a lien established on the land for said note, or that the same be sold therefor.

Trial of this case was had without a jury, and the court below rendered judgment in favor of the appellant for the amount of his debt against Jordan, with foreclosure of a lien upon the land; but as to the tract of land claimed by Tunstall, he adjudged that plaintiff's lien was subordinate to a lien in favor of Tunstall for the amount of the note which he had paid for Jordan, and directed the proceeds from the sale of said tract to be applied first to the satisfaction of the amount ascertained to be due Tunstall, and the residue, if any, to be paid on the judgment in favor of appellant.

None of the appellees have made any appearance in this court. Appellant has assigned numerous errors with regard to the action of the court below, which we do not deem it necessary to notice in detail, the question for our determination being, whether or not the lien of Kempner on the land in controversy should be subordinate to the claim of Tunstall, who furnished the money with which to pay the vendor's lien note on the land.

It will not be necessary to determine what right Tunstall may have had to be subrogated to the right of the payee of the note and maintain a cause of action against the maker thereof; he claimed no right of subrogation, and only set up title to the land, and was not entitled even to the relief awarded him in giving him judgment against Jordan for the amount due on the note and foreclosing his lien.

Kempner endorsed the note for collection only, and this had the effect to restrain the negotiability of it. It prevented the further circulation of the paper, and Winfree had no right to assign the same. Tied. on Com. Paper, sec. 268; Sweeney v. Easter, 1 Wall., 112.

Tunstall had actual notice of the character of the endorsement of the note, as shown by the evidence. The proceeds of the note were remitted by the bank to the appellant as in payment thereof, and the appellant had no notice whatever that the note had been in fact assigned by Winfree until long after he had, in accordance with an agreement made with Jordan to extend the time on the note still due by said Jordan, taken a deed of trust on the land. The money was received by Kempner in ignorance of the claim of Tunstall, and he was authorized to regard the transaction as payment; he received the money in satisfaction of the note. The fact that he retained the money can not be regarded as a ratification of the assignment, because he could not have been restored to the position he was in before payment, as he had dismissed his suit on the unpaid notes and extended the time thereon, and did not receive notice until several months afterward. Claflin v. Wilson, 51 Iowa, 15.

We are not prepared to give full assent to the Iowa case just cited, because the facts in that case are hardly sufficient to show that Claflin could not have been restored to the same position he was in before payment; but the facts are much stronger in this case, and show that Kempner ought not to be held to a ratification of the assignment by retaining the proceeds of the note.

For the error indicated, the judgment of the court below will be here reversed, and judgment will be rendered in favor of the appellant, giving him a prior lien upon the land claimed by Tunstall; but as the judgment of the court below establishing the lien in favor of Tunstall against Jordan is not complained of by the latter, it is directed that the other tracts of land be sold first and the proceeds thereof applied to plaintiff's judgment, and if they are not sufficient to satisfy the same, that the land in controversy be then sold, and the proceeds thereof be applied to the satisfaction of whatever remains due on the plaintiff's judgment after the sale of the other tracts, and whatever surplus there may be shall be applied to the payment of the lien in favor of Tunstall.

*Reversed and rendered.*

Delivered April 27, 1893.