## ISRAEL v. GALE.

(Circuit Court of Appeals, Second Circuit. December 8, 1896.)

1. ACCOMMODATION PAPER—RIGHTS OF PURCHASERS.

Accommodation paper is put into circulation for the purpose of giving credit to the party for whose benefit it is intended, and, although he cannot maintain an action upon it against the accommodation maker or indorser, a purchaser can do so, who acquires it while still current, and gives the credit it was intended to promote, although with knowledge of its original character.

2. SAME—HOLDERS FOR VALUE.

One who takes accommodation paper from the party for whose benefit it was made, and gives him credit for the same on a precedent indebtedness, though advancing no money, is a holder of such paper for value.

In Error to the Circuit Court of the United States for the Southern District of New York.

Frank Sullivan Smith, for plaintiff in error.

Bissell, Sicard, Bissell & Carey, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon a verdict directed by the court. The assignments of error raise the question whether the trial judge was justified in withdrawing the case from the consideration of the jury and instructing them to return a verdict against the defendant.

The action was brought by the plaintiff, as the receiver of the Elmira National Bank, to recover the amount of a promissory note for $17,000, dated May 4, 1893, payable to the order of the bank, and signed by the defendant. The defense was that the note was made

and delivered by the defendant to one Robinson without consideration, and that the bank had notice of the facts, and never became a holder for value. The defendant further insisted, upon the trial, although no such defense was alleged in the answer, that the note was delivered to Robinson for a special use, and was wrongfully diverted by him from the purpose for which it was given.

Upon the trial the evidence was that, on or about the day of the date of the note, Robinson applied to the defendant, who was a stenographer and typewriter in the employ of the firm of Newcombe & Co., of New York City, and to several of the clerks of that firm, to lend him their names upon accommodation paper to be used by him with the Elmira National Bank. He stated that he had exceeded his line of discount at the bank; that he was building a power house at Elmira, and needed some money for that purpose; and that, if the defendant and the clerks would give him their notes, he would take care of them, and it would enable him to effect his object. Thereupon the defendant signed and delivered to Robinson the note in suit, and the clerks, respectively, signed and delivered to Robinson their notes, as requested by him. Robinson forwarded all the notes to the bank, and, the day after receiving them, the bank credited him with the aggregate face amount thereof, being $54,000. Robinson was a director of the bank, and his account was, and had long been, heavily overdrawn. When credited with the amount of the notes, his account was overdrawn at least $50,000. Neither the defendant nor any of the clerks from whom Robinson obtained the accommodation paper had any financial interest in Robinson's building or other business affairs. They supposed him to be a man of large means, who could and would see that the notes were paid, without recourse to them.

Assuming that there was enough in the circumstances attending the reception and discount of the paper by the bank to charge it with notice that the note in suit was an accommodation note, made for the benefit of Robinson, and without other consideration, the bank was a purchaser for value, and entitled to enforce it against the maker. That it was a purchaser for value, although it did not advance any money upon the note, but merely gave Robinson credit for the amount upon his precedent indebtedness, is entirely clear, upon the authorities which prevail in this court. Swift v. Tyson, 16 Pet. 1; National Bank of the Republic v. Brooklyn City Ry. Co., 14 Blatchf. 242, Fed. Cas. No. 10,039, affirmed 102 U. S. 14.

Accommodation paper is put into circulation for the purpose of giving credit to the party for whose benefit it is intended; and, although he cannot maintain an action upon it against the accommodation maker or indorser, and would be defeated because of want of consideration, a purchaser can do so who acquires it while still current, and gives the credit it was intended to promote, although with knowledge of its original character. Jewett v. Hone, 1 Woods, 530, Fed. Cas. No. 7,311; Smith v. Knox, 3 Esp. 46. As to the purchaser, it is, in effect, a letter of credit, and, when he gives credit upon it, a sufficient consideration arises to support the promise of the accommodation maker or indorser. Violett v. Patton, 5 Cranch,

142. "Accommodation paper is daily placed in the market for discount or sale, and the indorsee or purchaser, who knows that a bill still current was drawn, made, accepted, or indorsed without consideration, is as much entitled to recover as if he had been ignorant of the fact." 1 Daniel, Neg. Inst. § 790.

The note having been made for the purpose of being discounted by the Elmira National Bank, and having been used for that purpose by Robinson, effected the substantial object for which it was designed. Robinson did not promise the defendant, or the makers of the other notes, to use the avails in any particular way; and, as none of the makers had the remotest concern in the building of the power house, or in his disposition of the avails, his statement of the reasons which led him to apply for aid, and of the use for which he wanted it, was not of material matter, and could not have been, in a legal sense, an inducement for the accommodation. The case is quite analogous to Bank v. Corey, 1 Hill, 513. The evidence was wholly insufficient to charge Robinson with a fraudulent diversion of the paper, and the trial judge correctly refused to submit any issue involving that question to the jury.

We find no error in the rulings at the trial, and conclude that the judgment should be affirmed.