## WILLIAMS v. HOCHSTEIN.

(District Court, D. New Jersey. December 1, 1914.)

1. BILLS AND NOTES (§ 371*)—ACCOMMODATION MAKER—LIABILITY.

An accommodation maker is liable to the holder of a negotiable note in due course, and cannot plead want of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 964; Dec. Dig. § 371.*]

2. BILLS AND NOTES (§ 371*)—ACCOMMODATION MAKER—DEFENSES.

In an action on a note by a holder in due course, it was no defense that defendant signed for the accommodation of R., to the knowledge of the payee, and that on several occasions R. had requested plaintiff, the payee's receiver, to charge the note to R.'s account, but that the receiver had refused to do so, and that defendant was only liable in the event R. should fail to pay.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 964; Dec. Dig. § 371.*]

At Law. Action by Christopher Williams, as receiver of the First National Bank of Bayonne, against Joseph Hochstein. Judgment for plaintiff.

The First National Bank of Bayonne became insolvent upon December 8, 1913, and in due course plaintiff became receiver. The complaint alleges that about October 10, 1913, the defendant made and delivered his promissory note, dated at Bayonne, N. J., October 10, 1913, and promising to pay to the order of the First National Bank of Bayonne, N. J., $380.79 at the First National Bank of Bayonne; that no part of the note has been paid, although payment thereof has been duly demanded.

The second count alleges that on or about December 1, 1913, the defendant made and delivered his promissory note, dated at Bayonne, N. J., December 1, 1913, and promising to pay to the order of E. L. Watters $60 at the First National Bank of Bayonne. Before maturity and for a valuable consideration E. L. Watters duly indorsed and delivered the said note to the First National Bank of Bayonne. Thereafter the note was duly presented at maturity for payment, payment was not made, protest followed, and no part of the note has been paid.

The third count alleges that on or about December 3, 1913, the defendant made and delivered his promissory note, dated at Bayonne, N. J., December 3, 1913, and promising to pay to the order of Prospect Planing Mill Company $125 at the First National Bank of Bayonne. Before maturity and for a valuable consideration the Prospect Milling Company duly indorsed and delivered the said note to the First National Bank of Bayonne. The note was duly presented at maturity, payment was not made, protest followed, and no part of the note has been paid.

The fourth count alleges that on or about October 20, 1913, defendant made

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

and delivered his promissory note, dated at Bayonne, N. J., October 20, 1913, and promising to pay to the order of himself $1,225 at the First National Bank of Bayonne. The note was due December 20, 1913. The indorsement was made by Joseph Hochstein, Julius A. Rose, and two others. The note was duly presented at maturity, payment was not made, protest followed, and no part of the note has been paid.

Judgment is demanded for $1,795.25, with interest on $380.79 from December 10, 1913, on $60 from February 1, 1914, on $125 from February 3, 1914, and on $1.225 from December 20, 1913, together with costs and disbursements of this action.

The answer of the defendant Hochstein sets up that he made and executed a note mentioned in the fourth count, but alleges that he was merely an accommodation maker for Julius A. Rose, and that he (the defendant) is and was only secondarily liable, by reason of the said First National Bank having knowledge of the fact that he (the defendant) was merely the accommodation maker for the benefit of Rose, and that Rose is primarily liable. He sets up that Rose on several occasions has requested the receiver of the First National Bank to charge the note to the account of Rose, as he has a just and legal right to demand of the receiver to do, but the receiver refused to do this. He alleges that he (the defendant) is only liable on the note in the event that Rose shall fail to pay the same, and asks judgment for costs.

Motion is made by the receiver to strike out the answer of the defendant, on the ground that answer was not filed within 20 days after service of summons, and for judgment for the plaintiff.

George M. Burditt, of New York City, for complainant.
H. B. Dembe, of Bayonne, N. J., for defendant.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] Examination of authorities demonstrates that defendant cannot avail himself of his attempted defenses, for it is well settled that an accommodation maker, even if he is known to be such by the holder of a negotiable note in due course, is yet liable. It has been said by the Supreme Court of the United States in Israel v. Gale, 174 U. S. 391, 19 Sup. Ct. 768, 43 L. Ed. 1019, that it is elementary that mere knowledge that paper has been drawn for an accommodation does not prevent one who has taken it for value from recovering thereon. The decision of the Supreme Court in Israel v. Gale was in affirmance of the decision of the Circuit Court of Appeals of the Second Circuit in Israel v. Gale, 77 Fed. 532, 23 C. C. A. 274. There the case was by a receiver of a national bank upon a promissory note and upon a defense that the note was made and delivered without consideration and merely for accommodation. Israel v. Gale was also followed by Judge McPherson, sitting in the Circuit Court of the Eastern District of Pennsylvania, in Earle v. Enos, 130 Fed. 467, and again the rule was sustained that the fact that a bank which has discounted an accommodation note has done so knowing of its character does not give to the maker the defense of want of consideration. Randolph on Commercial Paper, § 1020.

These cases are enough, and of course the recognition of the rule as stated by the Supreme Court will be accepted as conclusive.

The motion of the receiver to strike out the answer is therefore well taken upon the legal ground stated. Let the motion be granted, and judgment entered as prayed for.