**THOMAS v. ABBOTT et al.** (No. 6988.)

(Court of Civil Appeals of Texas. Galveston. Dec. 10, 1915. Rehearing Denied Jan. 6, 1916.)

APPEAL AND ERROR ☞1002 — REVIEW — VERDICT ON CONFLICTING EVIDENCE.

A verdict on conflicting testimony, justifying a verdict either way, according to which witnesses are believed, will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ☞1002.]

Appeal from Brazoria County Court; J. W. Munson, Judge.

Action by W. C. Abbott and another against Norman F. Thomas. Judgment for plaintiffs, and defendant appeals. Affirmed.

Wilson & Follett, of Angleton, for appellant. A. T. Carleton, of Houston, and Masterson & Rucks, of Angleton, for appellees.

McMEANS, J. W. C. Abbott and Milton Kennedy, cattle brokers, brought this suit against Norman F. Thomas to recover $300 as commission for the sale of 300 cattle belonging to defendant, alleging in their petition that defendant had contracted to pay them $1 per head for finding a purchaser for that number of cattle, and that they had found such a purchaser to whom the defendant had made sale.

The defendant denied making such contract, but claimed that he, having that number of steers for sale at the price of $35 per head, agreed to pay Abbott $1 per head, provided Abbott could find a purchaser who would pay $36 per head.

The case was submitted by the court to a jury upon a charge against which no valid complaint is made, and resulted in a verdict for plaintiffs for the amount sued for, upon which a judgment in their favor for such an amount was accordingly entered.

The effect of all of the appellant's assignments is that the verdict and judgment are contrary to the facts proved or against the overwhelming weight and preponderance of the testimony.

We have examined the evidence closely, and find that the plaintiffs introduced testimony which, if believed by the jury, justified them in returning a verdict for the plaintiffs. On the other hand, the defendant introduced testimony which, if believed by the jury, would have justified them in finding that no such contract as alleged by plaintiffs had been made.

It was the peculiar province of the jury to settle such conflict in the evidence, and, having settled it in favor of plaintiffs, this court in such case has no power to substitute its judgment as to the weight of the testimony for that of the jury. In such circumstances it becomes the duty of this court to affirm the judgment of the court below, and it has accordingly so been affirmed.

Affirmed.