CLARDY v. AMERICAN TRUST & SAVINGS BANK. (No. 916.)*

(Court of Civil Appeals of Texas. El Paso. Jan. 30, 1919. Rehearing Denied Feb. 20, 1919.)

1. APPEAL AND ERROR ⊜⟶1001(1)—REVIEW—VERDICT.

The verdict cannot be disturbed on appeal, there having been testimony sufficient to support it.

2. BANKS AND BANKING ⊜⟶117—FAILURE OF CONSIDERATION—LOAN FOR INVESTMENT.

There is no failure of consideration for note executed by defendant to plaintiff bank for money loaned, with which to buy stock, however valueless the stock, though the money was paid out therefor by plaintiff's cashier; he in such transaction being defendant's accredited agent.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the American Trust & Savings Bank against Allie D. Clardy. Judgment for plaintiff, and defendant appeals. Affirmed.

Turney, Culwell, Holliday & Pollard and C. L. Galloway, all of El Paso, for appellant.

John L. Dyer and J. F. Woodson, both of El Paso, for appellee.

HARPER, C. J. The American Trust & Savings Bank brought this action against Allie D. Clardy on a promissory note for $1,797.35, executed by defendant to the order of the bank.

The defenses are that she did not execute the note, but signed her name to a blank note, without date or amount, to be filled in by J. F. Primm, cashier of the plaintiff bank, in case, after investigation, she concluded to purchase certain corporate stock; that, after investigation, she decided that the stock was worthless and concluded not to buy, and so notified the bank by letter addressed to Primm; but that said Primm fraudulently filled out said note and placed it among the assets of the bank; and further that, on account of the above facts, there was a failure of consideration.

The bank replied by general denial, and that, if Primm purchased stock for defendant, it was purchased in good faith for defendant from one Bottorff and not from plaintiff; that the note was given to plaintiff; and that it paid full value therefor.

The case was submitted to a jury by one special issue, as follows: Was it agreed between defendant and J. F. Primm, acting for himself or the bank, that the note described in plaintiff's petition would not be binding upon defendant unless she notified Primm after the date of said note that she would purchase the stock? The jury answered, "No." And upon this verdict the court entered judgment for the bank for the full amount of the note, from which this appeal.

The first assignment is that the judgment is contrary to the preponderance of the evidence.

[1] We have examined the evidence, and find that plaintiff introduced testimony sufficient to support the verdict, upon the issue submitted. In such case, we have no power to disturb the judgment upon appeal. Thomas v. Abbott, 182 S. W. 19.

[2] The second assignment complains of the ruling of the trial court in excluding the depositions of witness as to the value of the stock purchased. The proposition is that she should have been permitted to prove this fact in support of her plea of failure of consideration. The answer is that the bank advanced the full face value of the note. It was paid out for the stock by its cashier, but in this transaction the cashier, Primm, became the agent of defendant and not of the bank, and she cannot assert failure of consideration for the note, because the bank discharged its duty in turning the money over to Primm, defendant's accredited agent, and there is no proof that the bank had any part in what was done with it afterwards. Hilliard v. Lyons, 180 Fed. 685, 103 C. C. A. 651, and authorities therein cited. The evidence therefore was immaterial.

Finding no error in the record, the cause is affirmed.