## SENTER v. BROMFIELD.

(Circuit Court of Appeals, Eighth Circuit. December 17, 1926.)

No. 7516.

Banks and banking ⟨⟩112—Vice president, wrongfully using note of depositor, held to have been acting for the bank and not as agent of depositor.

Defendant, a depositor in a bank of which he was also a director, being about to leave on a journey, signed a blank form of note to the bank and delivered it to the active vice president, with instructions that, if he should overdraw his account while absent, the note should be filled out for such amount as he would direct and the proceeds placed to his account. He did not overdraw his account; but the vice president, without authority, filled out the note and deposited the proceeds in his own account. *Held*, that the transaction was between defendant and the bank of which the vice president was an executive officer, and that direction of a verdict for the bank in an action on the note, on the ground that the vice president was agent for defendant, was error.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action at law by L. B. Bromfield, as receiver of the Globe National Bank of Denver, against C. L. Senter. Judgment for plaintiff, and defendant brings error. Reversed.

Clarence L. Ireland, of Denver, Colo. (S. R. Robertson, of Denver, Colo., on the brief), for plaintiff in error.

Ralph Hartzell, of Denver, Colo., for defendant in error.

Before KENYON, Circuit Judge, and SCOTT and JOHN B. SANBORN, District Judges.

SCOTT, District Judge. The defendant in error, L. B. Bromfield, hereinafter referred to as the plaintiff, as receiver of the Globe National Bank of Denver, brought this action against the plaintiff in error, C. L. Senter, hereinafter referred to as the defendant, to recover upon a promissory note for $4,950, by its terms payable to the Globe National Bank of Denver, Colorado, and purporting to be signed by the defendant, C. L. Senter. Demand and refusal of payment is duly alleged.

The defendant answered, admitting appointment and qualification of the receiver, denied liability, and denied the execution of the note. Further answering, the defendant in substance alleged that on or about May 15, 1925, he was a depositor and customer of the Globe National Bank, and, being about to leave on a journey, delivered and intrusted to the bank a form of promissory note, which defendant signed, which form was left blank as to date of execution, date of maturity, and amount of principal; that defendant instructed the said bank to hold and retain said form of note, and to fully execute the same for such sum as defendant would authorize and direct, the proceeds of which note, when fully executed,

to be then and there placed to the credit of the checking account of the defendant in said bank; that said form of note so delivered and intrusted to the bank on or about May 15, 1925, was then and there delivered for said purpose only, and was not to be fully executed, except upon the authorization and direction of the defendant; that the defendant did not at any time thereafter direct or authorize the bank to execute the blank form of note in any sum, and on or about September 1, 1925, requested the return thereof; that said bank and its duly authorized officers and agents failed and refused to return said form of note at said time and at all times thereafter; that defendant is informed and believes, and upon such information alleges, that the bank on, to wit, July 9, 1925, falsely and fraudulently filled out and caused to be filled out said blank form of note, by inserting the amount of $4,950, the date thereof, and the date of maturity, and at said time and place converted the proceeds thereof to its own use, benefit, and advantage, and to the use, benefit, and advantage of other persons unknown to the defendant all without any authority, and without defendant's knowledge or consent; that said described note is and was without consideration, for the reason that said bank did not pay the defendant, or any other person at the direction of this defendant, anything of value therefor.

The plaintiff replied, admitting that defendant was on or about May 15, 1925, a depositor and customer of the bank, and denies all other matters set up in the defendant's answer, and further alleges that, for a period of many weeks before the maturity of said note, defendant had full knowledge of the fact that the bank, and the receiver as successor in interest, had and possessed said note and held the same as an asset of the bank, and demanded and required payment of the same according to its tenor; that with such knowledge defendant permitted the said bank and the plaintiff to keep and hold said note as an asset of the bank; that the defendant is and was a director of the Globe National Bank, and by his said actions in the premises, confirmed the due execution and delivery of said note to said bank, and is estopped to deny its validity.

Upon the issues so joined the case was tried to a jury, and upon the close of the evidence the plaintiff moved the court for a directed verdict in favor of the plaintiff, which motion was sustained by the court in the following language:

"Gentlemen of the jury, there does not

16 F.(2d)—37

seem to be any dispute of fact in regard to the transaction involved in this case. Admittedly Mr. Senter signed a promissory note in blank on the form used by the Globe National Bank. Before he left town he gave it to Mr. Will Bishop, with certain instructions that are not disputed. They were, in effect, that Mr. Bishop was to hold this blank note, watch the account of Mr. Senter in the bank during his absence, and, whenever it became overdrawn, to fill out this note and put it in the bank, and apply the proceeds on any overdrafts that might later appear. It appears, also from the evidence, that Mr. Bishop took that note and held it as Senter's agent until some time in July, I think about the 10th, and on that date, in violation of Mr. Senter's instructions, he filled in the date and the blank spaces in the sum of $4,950, put the note in the bank, and took the proceeds and credited them to his own account. Later, when Mr. Senter came back, he discovered this note in the bank, much to his surprise, evidently, because he had not overdrawn his account, although that does not appear from the evidence. Now, Mr. Senter was defrauded, because Mr. Bishop violated the instructions of Mr. Senter. The bank was also defrauded by Mr. Bishop. We have had considerable argument on the law of this case, and on these facts the law is that, when Mr. Senter gave this note to Mr. Bishop, Mr. Senter made Mr. Bishop his agent. Mr. Bishop was acting for him, and not for the bank, because Mr. Senter's instructions were not to put the note into the bank at that time. The bank did not possess it until it gave up its money for it. Mr. Bishop held that note in his individual capacity until July 10th, and then used it for a fraudulent purpose, so that note did not become the property of the bank until that date. When it did become the property of the bank, the bank gave up $4,950, and it is out that much money. The instrument was a negotiable instrument, and there are several rules of law applicable. One is that, if you sign a promissory note in blank and intrust it to another party, with instructions and authority, as Mr. Senter admitted, to fill in blanks under certain conditions, then ordinarily you are liable on that note, if the person to whom you intrusted it uses it wrongfully; that is, when a third party is concerned. Another rule is that, when two innocent parties, here the bank and Senter, are defrauded by a third party, here Will Bishop, and either the bank or Mr. Senter must take a loss, the law com-

pels Mr. Senter to take the loss, because while he is innocent, it was through his negligent act in signing a blank piece of paper and delivering it to Mr. Bishop that the latter was enabled to commit the fraud. In other words, if he had not been careless, nobody would have been defrauded; the transaction would not have occurred; that is, as between two innocent parties, the one who enables the third party to commit the act is the one that must suffer. The evidence in this case is undisputed. So it becomes a question for the court to decide. For that reason the court will grant the motion, and direct you to return a verdict for the plaintiff for $4,950, with interest according to the tenor of the note."

To this ruling the defendant duly excepted. We think the evidence in the record is without substantial conflict. Bishop was an active vice president of the bank. Senter, a customer and a depositor, although a director, anticipating that during his somewhat prolonged absence, he might need to use more money than his existing balance in the bank, approached the active vice president of the bank to arrange contingently for a loan. As a part of these negotiations he executed the blank form of note, passed it over the counter of the bank, with instructions to an active general executive officer of the bank to use it as alleged, in case Senter should overdraw his account, and directed him to so use it. Surely Senter was dealing with the bank, and Bishop in those negotiations acted for the bank, and not as the agent of Senter. Now, it so happened that Senter did not overdraw his account, and never gave the contemplated direction. The vice president of the bank, however, having in mind a fraudulent purpose, without authority and by reason of the opportunity which his position as the active vice president of the bank offered him, later took the blank form intrusted to the bank and filled it in, placing it in the bank as an apparent asset, and took credit for it on his own account; that being an account entitled, "W. F. Bishop, Trustee Account, No. 2," which was an account under the control and use of Bishop. On this state of the record it was error for the court to instruct the jury that Bishop was the agent of Senter, and error for the court to direct a verdict in favor of the plaintiff.

The plaintiff, defendant in error, urges as supporting the ruling of the trial court, the case of Hilliard v. Lyons (decided by the Circuit Court of Appeals for the Third Circuit) 180 F. 685. In that case the note

was delivered to the cashier of a bank, not in any transaction with the bank, but with the understanding that the cashier would negotiate the note and invest the proceeds for the maker. The cashier negotiated the note but appropriated the proceeds to his own use.

Counsel for plaintiff also stress the case of Terrell v. Bank, 12 Ala. 502, cited in Hilliard v. Lyons, supra. In that case Terrell had executed a note in blank and handed it to a mere director of the bank, to be filled up with the sum of about $500, and used in the renewal of a note of Terrell of the same amount held by the bank. The director, in violation of the trust, filled up the note for a much larger sum, and offered it to the bank to be discounted for his own use. The note was so discounted, and the money misappropriated. The distinction apparent between the Terrell Case and the case at bar is that Terrell was dealing with a mere director, who had no inherent authority to contract for the bank, and in the case at bar the defendant was dealing with a general executive officer, who had authority to contract for the bank. Aldrich v. Chemical National Bank, 176 U. S. 618, 20 S. Ct. 498, 44 L. Ed. 611; First National Bank v. Drovers' Mechanics Nat. Bank (C. C. A.) 244 F. 135.

Because of the errors stated, the case is reversed.